# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

JASON R. DOLLARHIDE,

    Plaintiff,

vs.

DENNIS DICKENS, Oklahoma Highway Patrol,

    Defendants.

Case No. CIV-22-642 PRW

## MOTION TO DISMISS AND BRIEF IN SUPPORT

**COMES NOW** Defendants Darren Strauss, Resto Rhynes, Joshua Rojales, Colby Haigler, Jonathan Hicks, and Barry Grippen (Municipal Defendants) and for their Motion to Dismiss would show this Court that Plaintiff's claims, if any, against them should be dismissed for failure to state a claim upon which relief can be granted.[1]

## BRIEF IN SUPPORT

In § I(B) of his Complaint for a Civil Action [EFC 1], Plaintiff names six (6) City of Norman police officers as Defendants. Based on the badge numbers associated with these Defendants, it appears that Plaintiff has named the following

---

[1] In an Order filed on December 2, 2022, [EFC 3], this Court ordered Plaintiff to show cause in writing on or before December 16, 2022, why this action should not be dismissed for failure to properly serve the defendants. On December 13, 2022, Plaintiff filed a Motion for Extension [EFC 4] that requested a forty five (45) day extension to serve Defendants. Currently, there is no order granting Plaintiff's request for an extension. Should this Court deny Plaintiff's request for an extension or dismiss this action because Plaintiff has not shown sufficient cause for failing to properly serve Defendants, this Motion will be moot.

1 | Page

as Defendants: (1) Darren Strauss, Badge No. 0307; (2) Resto Rhynes, Badge No. 1428; (3) Joshua Rojales, Badge No. 1836; (4) Colby Haigler, Badge No. 1808; (5) Jonathan Hicks, Badge No. 0938; and (6) Lt. Barry Grippen. Complaint for a Civil Case [EFC 1] at 3-7.[2]

In Section III of his Complaint for a Civil Case, Plaintiff alleges as follows:

> Our family was watching deer in a deer watching area when this OK state trooper comes blowing his siren and scaring the triple deers off we were watching and then started telling us lies about the area and I was recording on my cellphone immeditly (sic).

*Id.* at 6. The basis for this Court's jurisdiction claimed by Plaintiff is 42 U.S.C. § 1983 and 18 U.S.C. § 2340A(a), (b), and (c).[3] *Id.* at 5.

## STANDARD OF REVIEW

Federal courts will grant a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) where the complaint lacks a cognizable legal theory or alleges insufficient facts to support a cognizable legal theory. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[2] All page citations refer to this Court's CM/ECF pagination.
[3] It is assumed that Plaintiff is relying on subsection c of 18 U.S.C. § 2340A because this provision does not include a subsection d.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT AND AUTHORITY

**A.    Plaintiff's Complaint for a Civil Case fails to state a claim under the federal Anti-Torture Act, 18 U.S.C. § 2340 *et seq.***

Plaintiff's Complaint for a Civil Case attempts to state a civil claim for an alleged violation of the federal Anti-Torture Act.  But the federal Anti-Torture Act criminalizes torture outside the United States; it does not provide redress for torture within the United States.  *See* 18 U.S.C. § 2340A(a) ("[w]hoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both, and if death results to any person from conduct prohibited by this subsection, shall be punished by death or imprisoned for any term of years or for life.")

The torture at issue in this case appears to have occurred "inside" the United States. – i.e., it is alleged to have been committed by an "OK state trooper" in a deer watching area.  The provision relied upon by Plaintiff do not provide redress for torture within the United States.  *See Renkel v. United States*, 456 F.3d 640, 644–45 (6th Cir. 2006) (observing that 18 U.S.C. §§ 2340 and 2340A criminalize torture outside the United States).

Moreover, federal Anti-Torture Act provides for criminal penalties only; Congress has expressly declined to create a private cause of action.  *See* 18 U.S.C. § 2340B ("[n]othing in this Chapter shall ... be construed as creating any substantive or procedural right enforceable by law by any party in any civil

proceeding."); *Renkel*, 456 F.3d at 644-645 (observing that 18 U.S.C. § 2340 and 2340A "do not provide civil redress for torture within the United States.") Thus, even if the torture alleged by Plaintiff occurred outside the United States, his Complaint for a Civil Case still fails to state a claim.[4]

**B.     If leave to amend is requested and granted, Plaintiff should be required to provide the Municipal Defendants with specific facts that give them a meaningful opportunity to mount a defense.**

Should this Court grant Plaintiff leave to amend, it should require that Plaintiff comply with the instructions set forth in Section III of the complaint for a civil action form. This Section states as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Complaint for a Civil Action at 4.

The only person mentioned~ in Plaintiff's factual allegations is "OK state trooper." Plaintiff's factual allegations do not mention the Municipal Defendants or state how each Municipal Defendant was involved and what each Municipal Defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that involvement or conduct. Without such information,

---

[4] Plaintiff also mentions 42 U.S.C. § 1983 in his Complaint for a Civil Action. However, other than 18 U.S.C. § 2340A, Plaintiff does not mention any other constitutional or statutory provisions alleged to have been violated.

Plaintiff's Complaint for a Civil Action fails to give the Municipal Defendants a meaningful opportunity to mount a defense. *See Tierney v. Town of Framingham,* 292 F. Supp. 3d 534, 544 (D. Mass. 2018) ("[b]ecause the complaint fails to give defendants a 'meaningful opportunity to mount a defense,' it does not comport with Rule 8, and the motions to dismiss will also be granted on that basis.")

## CONCLUSION

**WHEREFORE** the above and forgoing, the Municipal Defendants respectfully request that this Court dismiss Plaintiff's Complaint for a Civil Action against the Municipal Defendants and award them all other relief deemed just and equitable.

    Respectfully submitted,

    CITY OF NORMAN
    KATHRYN WALKER, CITY ATTORNEY

    by:  s/ *Rickey J. Knighton II*
         Rickey J. Knighton II, OBA No. 17257
         Assistant City Attorney
         Jeanne M. Snider, OBA No. 119223
         Assistant City Attorney
         Anthony Purinton, OBA No. 34276
         Assistant City Attorney
         P.O. Box 370
         201 West Gray
         Norman, Oklahoma 73070
         Telephone:  (405) 217-7700
         Facsimile:  (405) 366-5425
         Email:  rick.knighton@normanok.gov
         Email:  jeanne.snider@normanok.gov
         Email:  anthony.purinton@normanok.gov

    *Attorneys for the City of Norman*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2023, I electronically transmitted the above and foregoing Motion to Dismiss to the Clerk of Court using the ECF System for filing and on the following, who are not registered participants of the Electronic Case Filing System:

Jason R. Dollarhide
1301 S. Berry Road
Norman, Oklahoma 73072.

s/ *Rickey J. Knighton II*