IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON R. DOLLARHIDE,<br><br>　　Plaintiff,<br><br>vs.<br><br>DENNIS DICKENS, Oklahoma Highway Patrol, et al.,<br><br>　　Defendants. | Case No. CIV-22-642 PRW |

**REPLY**

In his response to the Municipal Defendants' Motion to Dismiss, Plaintiff makes several allegations that are not included in his Complaint for a Civil Action. *See* Response to Motion to Dismiss [EFC 12] at 1-2. Absent a recognized exception to the rule, "a federal court may only consider facts alleged within the complaint" when ruling on a Rule 12(b)(6) motion. *See Cty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). The allegations set forth in paragraph 1 through 4 of Plaintiff's Response appear in Plaintiff's Complaints for a Civil Action against the Municipal Defendants. *Compare* Plaintiff's Response *with* Plaintiff's Complaint for a Civil Action at 6. It would be inappropriate to allow Plaintiff to substantively amend his pleadings through his Response to the Municipal Defendants' Motion to Dismiss. *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) ("Plaintiff,

however, cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss.")

The remedy requested by the Municipal Defendants is that this court exercise its discretion and simply disregard the new factual allegations in Plaintiff's Response. *See Becher v. United Healthcare Servs., Inc.*, 374 F. Supp. 3d 1102, 1108 (D. Kan. 2019) (declining to strike defendants' reply to their motion to dismiss in favor of exercising the court's discretion to disregard matters outside the pleadings and arguments making reference thereto). When assessing whether Plaintiff's Complaint for a Civil Action alone is legally sufficient to state a claim for which relief may be granted, this Court should conclude that it is not.

The only substantive provision mentioned in Plaintiff's Complaint for a Civil Action is the federal Anti-Torture Act, 18 U.S.C. §§ 2340 *et seq. See e.g.,* Complaint for a Civil Action at 1. Assuming without conceding that Plaintiff was tortured, the federal Anti-Torture Act applies to torture that occurs outside the United States, *see* 18 U.S.C. § 2340(A)(a), and provides for criminal penalties only, *see* 18 U.S.C. § 2340(B). Plaintiff's Complaint for a Civil Action lacks a cognizable legal theory, and cannot survive the Municipal Defendant's Motion to Motion to Dismiss.

Should this Court grant Plaintiff leave to amend, it should require that Plaintiff comply with the instructions set forth in Section III of the complaint

for a civil action form. The instructions direct that a plaintiff state how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights, including the dates and places of that involvement or conduct. Complaint for a Civil Action at 4. The factual allegations set forth in Plaintiff's Response do not comply with this directive.

Plaintiff's claims appear to arise out of his arrest for assault and battery on a police officer and obstructing an officer. *See State v. Dollarhide*, Case No. CM-2021-1404 (Clev. Co. 2021). While at least four (4) of the Municipal Defendants were present after Plaintiff was taken into custody by Defendant Dennis Dickens, Lt. Barry Grippen was not. Lt. Grippen's participation in this case is limited to investigating the internal complaint filed with the Norman Police Department by Plaintiff. Plaintiff does not explain how Lt. Grippen's investigation violated the federal Anti-Torture Act or rights protected by the federal Constitution or created by federal statute or regulation. Thus, if Plaintiff is granted leave to amend, he should be directed to explain how each of the Municipal Defendants was involved and what they did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that involvement or conduct.

## CONCLUSION

**WHEREFORE** the above and forgoing, the Municipal Defendants respectfully request that this Court dismiss Plaintiff's Complaint for a Civil

Action against the Municipal Defendants and award them all other relief deemed just and equitable.

        Respectfully submitted,

        CITY OF NORMAN
        KATHRYN WALKER, CITY ATTORNEY

        by:  s/ *Rickey J. Knighton II*
            Rickey J. Knighton II, OBA No. 17257
            Assistant City Attorney
            Jeanne M. Snider, OBA No. 19223
            Assistant City Attorney
            Anthony Purinton, OBA No. 34276
            Assistant City Attorney
            P.O. Box 370
            201 West Gray
            Norman, Oklahoma 73070
            Telephone:  (405) 217-7700
            Facsimile:  (405) 366-5425
            Email:  rick.knighton@normanok.gov
            Email:  jeanne.snider@normanok.gov
            Email:  anthony.purinton@normanok.gov

        *Attorneys for the Municipal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically transmitted the above and foregoing Motion to Dismiss to the Clerk of Court using the ECF System for filing and on the following, who are not registered participants of the Electronic Case Filing System:

Jason R. Dollarhide
1301 S. Berry Road
Norman, Oklahoma 73072

                                                s/ *Rickey J. Knighton II*