**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JASON DOLLARHIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-642-PRW |
| | ) | |
| DENNIS DICKENS, Oklahoma | ) | Judge Patrick R. Wyrick |
| Highway Patrol, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**
**AND BRIEF IN SUPPORT BY DEFENDANTS**
**OKLAHOMA HIGHWAY PATROL, DENNIS DICKENS,**
**MICHAEL ROE, MIKE SHARP AND ROBERT WINROW**

For their Motion to Dismiss for Failure to State a Claim and Brief in Support,

Defendants Oklahoma Highway Patrol, Dennis Dickens, Michael Roe, Mike Sharp and Robert

Winrow (collectively "Movants") state the following:

**STATEMENT OF THE CASE**

Plaintiff, Jason Dollarhide, has sued the Oklahoma Highway Patrol ("OHP") and

multiple individual officers for alleged violations of his civil rights and torture pursuant to a

criminal statute. Plaintiff's allegations are contained wholly within less than two paragraphs

and do not raise a single allegation against an identifiable person or agency. In total, Plaintiff

alleges as follows:

> [T]he nature of crimes that was committed upon our family you can never put
> a price on emotial damage especially to a four year old child, that watched [and]
> listened to her DADDY get tortured.
> Our family was watching deer in a deer watching area when this OK state
> trooper comes blowing his siren and scaring the triple deers off we were

watching and then started telling us lies about the area and I was recording on my cell phone Immediately (sic).

Doc. 1 at pg. 6 – "Complaint".

These are all of Plaintiff's factual allegations. Plaintiff does not give the Court or the Defendants any further information on which individuals allegedly acted or what actions allegedly constituted torture or violations of his civil rights.

As is abundantly clear from the Complaint, the Plaintiff has failed not only to state a claim upon which relief can be granted but has further wholly failed to give these Defendants any notice of what they have allegedly done to cause this suit. As such, the Complaint must be dismissed without any further consideration.

## STANDARD FOR DISMISSAL

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570.

2

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). When these standards are applied to Plaintiff's Complaint, it is clear the Complaint must be dismissed.

**PROPOSITION I: THE ELEVENTH AMENDMENT BARS COMPLAINT**

OHP and the individual Movants (if sued in their *official capacities*) must be dismissed pursuant to the Eleventh Amendment. A state officer named in his *official capacity* is the same as suing the State itself, and as such cannot be sued in federal court for money damages. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). The Eleventh Amendment to the United States Constitution

provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. That Amendment bars suits for damages against a state in federal court, absent a waiver of immunity by the state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Nevada Dept. Of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003)(The Eleventh Amendment bars private lawsuits in federal courts against unconsenting states and their agencies). The State of Oklahoma has expressly refused to waive Eleventh Amendment immunity or otherwise consent to such lawsuits against the state, any state agency or a state employee. Title 51 O.S. § 162(E) sets forth in relevant part:

> Nothing in this section shall be construed to waive any immunities available to the state under the terms of the Eleventh Amendment to the Constitution of the United States. Any immunity or other bar to a civil lawsuit under state or federal law shall remain in effect.

The State of Oklahoma has not waived its sovereign immunity under the Eleventh Amendment, therefore, any and all state and federal law claims against it must be dismissed. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir.2006) (Eleventh Amendment immunity extends to state law claims).

Likewise, 42 U.S.C. § 1983 does not create substantive rights but serves only as a remedy for violations of rights secured by federal statutory and constitutional law. *Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 977 (10th Cir.1991). When determining whether a complaint in a § 1983 action may proceed, the district court must first consider the question whether the complaint states a viable cause of action. *Wilson v. Layne*, 526 U.S. 603 (1999); *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)(requiring sufficient factual

allegations for a plausible claim). An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the Constitution or laws of the United States and (2) caused by a "**person**" under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

Neither States nor their agencies (OHP), nor officers sued officially, are "**persons**" under 42 U.S.C. § 1983, and therefore, they cannot be sued under that statute. *Will v. Michigan State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *See also*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)(noting that § 1983 actions do not lie against the state); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)(stating that suits for damages against states should be dismissed because the states are not persons under § 1983, and because the states are protected by the Eleventh Amendment; any constitutional problem that may exist is subordinate to the statutory deficiency); *Stidham v. Peace Officers Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2003)(States are not persons under § 1983); *Lapides v. Board of Regents*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002)(States and their agencies are not "persons" for purposed of § 1983)). Therefore, this Court must dismiss Plaintiff's Complaint against the State, its agencies (OHP), and its *officially* sued officers because Plaintiff has not alleged any cognizable constitutional violation against a "**person**."

**PROPOSITION II:     PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.**

In § 1983 cases such as this where the defendants include government agencies as well as government actors sued in their individual capacities, plaintiffs must make clear in their complaint exactly *who* is alleged to have done *what* to *whom* so that each individual defendant

has fair notice of the claims against him or her, as distinguished from collective allegations against the state. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).[1] Failure to make clear *who is alleged to have done what to whom* will result in dismissal "for failure to state a claim upon which relief can be granted." *Id.* at 1246 & 1254. "[U]se of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," is insufficient to overcome a motion to dismiss. *Id.* at 1250.

Here, the only specific reference to the individual Movants in Plaintiff's Complaint is in the list of defendants. Plaintiff has not alleged any personal deprivation of any constitutional right by the individual Movants. Plaintiff's allegations are contained in two short paragraphs and contain wholly insufficient ambiguous allegations which clearly fail to allege *who did what to whom,* and do not make a single reference to any individual Movant or OHP. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). As such, it is abundantly clear that Plaintiff has failed to put Movants on notice of what they have allegedly done to violate Plaintiff's rights. Such generalized grouping as utilized by Plaintiff is insufficient under Rule 8. *Robbins v. Oklahoma*, 519 F.3d at 1250. For this reason, Plaintiff's Complaint must be dismissed because "the burden rests on the plaintiff to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins*, 519 F.3d at 1250.

---

[1] Even when a cause of action arises under state law, federal courts apply federal pleading standards to the state-law claim. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (federal courts apply federal rules of civil procedure to state-law claims).

**PROPOSITION III:   INDIVIDUAL   MOVANTS   ARE   ENTITLED   TO QUALIFIED IMMUNITY FOR ALL CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITY.**

Qualified immunity protects public officials from individual liability in a Section 1983 action unless the official violates a clearly established constitutional right. *Mick v. Brewer,* 76 F.3d 1127, 1134 (10th Cir. 1996). Once a public official asserts qualified immunity, the burden shifts to the Plaintiff to prove: (a) a constitutional right was violated and (b) that the alleged violation infringed upon a clearly established right. *Callahan v. Millard County,* 494 F.3d 891 (10th Cir. 1997). A right is clearly established if it has been determined by the Supreme Court or Circuit precedent such that the official would have been on notice that the right exists, and his actions or omissions are a violation of that clearly established constitutional right. *Id.* Concluding that a right has been clearly established is a fact specific inquiry. *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). Relying on generalizations or the broad history of a constitutional amendment or statute is insufficient for determining that a right is clearly established. *Ashcroft v. al-Kidd,* 131 S. Ct. 2074 (2011). Plaintiff must show the official would have been on notice that his actions were violating a constitutionally or statutorily protected right. *Finn v. New Mexico*, 249 F.3d 1241 (10th Cir. 2001).

Qualified immunity allows public officials to make reasonable decisions to carry out their duties without fear of liability or retributive lawsuits. *Pearson v. Callahan*, 555 U.S. 223 (2009). Through qualified immunity, an official will only be liable for knowingly violating a person's rights, thus allowing the official to perform his job without the threat of liability looming over every decision. *Id.* Qualified immunity balances two important interests: the need to hold public officials accountable for irresponsible exercises of power, and the need to

shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.*

As Plaintiff has failed to even allege what the Movants have done to violate his rights, the Movants are clearly entitled to qualified immunity in this case. It is beyond question that no reasonable official in Movants' positions would understand that what they were doing (which is entirely unclear from the Complaint) violated the rights of Plaintiff. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) As Plaintiff has failed to show that every reasonable official in Movants' positions would have known their actions would violate Plaintiff's rights, Movants are entitled to qualified immunity.

**PROPOSITION IV:  PLAINTIFF'S COMPLAINT FAILS TO STATE A VALID CLAIM**

The Supreme Court's standard for 12(b)(6) dismissal is "whether the complaint contains 'enough facts to state a claim that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). The court should "look for plausibility in th[e] complaint." *Alvarado v. KOBTV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl.*, 127 S. Ct. at 1974). The specific allegations in the complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n.2; *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Entitlement to relief requires more than just "labels and conclusions or a formulaic recitation of the elements" to state a cause of action. *Robbins v. State of Oklahoma, et al.*, 519 F.2d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl.*, 127 S.Ct. at 1965).

Rule 8 requires, among other things, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation … be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(2), (d)(1). "This is not just a minimum standard for a plaintiff but also a protection for a defendant." *Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at *1 (W.D. Okla. Feb. 1, 2019).

Plaintiff is *pro se*, and although courts construe pro se litigants' pleadings liberally, pro se parties must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted); *accord Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Federal Rule of Civil Procedure 41(b) "specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure," including Rule 8. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007). Dismissal for violating Rule 8 is appropriate when a complaint is so unintelligible that it does not give fair notice to a defendant of the plaintiff's claims. *See Bake*r, 686 F. App'x at 622. Here, the Complaint does not mention by name any individual Movant or OHP in its body, nor does the Complaint provide any facts showing any sort of action or inaction on the part of Movants to put them on notice of any wrongdoing. As a result, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**PROPOSITION V:   PLAITNIFF CANNOT ENFORCE CRIMINAL LAWS**

Plaintiff attempts to civilly sue Movants based upon a criminal law – 18 U.S.C. § 2340A. This statute specifically makes it a federally criminal offense to commit torture "outside the United States." 18 U.S.C. § 2340A(a). As Plaintiff's allegations occurred in the State of

Oklahoma, it is without question that this criminal statute does not even apply to the case at hand. However, even if this statute did apply to the alleged – albeit vague – actions of Movants, Plaintiff would not have the ability to enforce the criminal statute.

"Decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion. Private citizens have 'no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Monumental Task Committee, Inc v. Fox,* 157 F.Supp.3d 573, 592 (E.D. LA 2016) (citing *Gill v. Texas,* 153 Fed.Appx. 261, 262 (5th Cir. 2005)) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)); *Chapa v. Adams,* 168 F.3d 1036, 1038 (7th Cir. 1999)("Criminal statutes, which express prohibitions rather than personal entitlements and specific a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of actions."); *W. Allis Mem'l Hosp., Inc., v. Bowen,* 852 F.2d 251, 254 (7th Cir.1988)("A strong presumption exists against the creation of … implied rights of action" stemming from criminal statutes").

It is clear from federal jurisprudence that Plaintiff does not have a right to enforce federal criminal statutes via a civil action. Even if 18 U.S.C. § 2340A applied to the case at bar – which it clearly does not – Plaintiff does not have the authority to bring suit based upon a criminal statute and the Complaint must be dismissed.

## PROPOSITION VI:  PLAITNIFF CANNOT ASSERT CLAIMS ON BEHALF OF OTHERS

In his Complaint, Plaintiff makes references to allegations regarding the rights of his daughter and his family. However, no one other than Plaintiff Dollarhide is a party in this action. Plaintiff may not utilize the potential claims of these non-parties to bolster his own allegations as "a section 1983 claim must be based upon the violation of the plaintiff's personal rights, and not

the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(Citing *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). A civil rights action pursuant to § 1983 "is a personal suit. It does not accrue to a relative." *Dohaish,* 670 F.2d at 936. To the extent that Plaintiff has asserted claims on behalf of his child or family members those claims must be dismissed and should not be considered in determining whether Plaintiff has stated a claim for violation of his rights.

## CONCLUSION

For the reasons stated above, the Movants herein respectfully request this Court to dismiss the Complaint in its entirety.

Respectfully submitted,

s/ Tracy E. Neel

**TRACY E. NEEL, OBA #33574**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-2931
Fax No.: (405) 521-4518
Trac.neel@oag.ok.gov
*Attorney for Defendants, Oklahoma Highway Patrol, Dennis Dickens, Michael Roe, Mike Sharp and Robert Winrow*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of February 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Rickey J. Knighton II
*Rick.knighton@normanOK.gov*

And mailed by regular mail, postage prepaid to:

Jason R. Dollarhide
1301 S. Berry Rd.
Norman, Oklahoma 73072


 s/ Tracy E. Neel
**TRACY E. NEEL**