## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JASON R. DOLLARHIDE,    )
    )
       Plaintiff,    )
    )
v.    )    Case No. CIV-22-00642-PRW
    )
DENNIS DICKENS, *et al.*,    )
    )
       Defendants.    )

## **ORDER**

Before the Court is Defendant Vaughn Cannon's Unopposed Motion for Leave to File Responsive Pleading Out of Time (Dkt. 26), seeking an extension of seven days from the date of this Order. Mr. Cannon received the Complaint and Summons sometime around January 24, 2023,[1] and his counsel acknowledges that the deadline to file an answer or other responsive pleading has expired.

When a deadline has expired, Rule 6(b)(1) of the Federal Rules of Civil Procedure requires a showing of both "good cause" and "excusable neglect."[2] The Supreme Court has

---

[1] The motion states that "[t]he Complaint and Summons to Deputy Cannon was provided to the Cleveland County Sheriff's Office on or about January 24, 2023 and subsequently given to Deputy Cannon." Def.'s Mot. (Dkt. 26), ¶ 2.

[2] Fed. R. Civ. P. 6(b)(1)(B) ("(b) Extending Time. (1) *In General*. When an act must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."); *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (unpublished table decision) ("Under Rule 6(b)(1), a district court may extend a deadline for 'good cause.' . . . [I]f the extension request is made after the original deadline, as it was here, the court must also determine whether 'the party failed to act because of excusable

1

observed that "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness'" and held that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[3] In "determining whether a party's neglect of a deadline is excusable," the Supreme Court "conclude[d] that the determination is at bottom an equitable one, taking account of all relevant circumstance surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[4]

Counsel explains that Mr. Cannon did not understand that the documents he received were part of a formal lawsuit against him, as the Complaint was handwritten and did not provide any factual allegations against him. And by the time Mr. Cannon retained counsel, the deadline to file an answer or other responsive pleading had already expired. Considering these circumstances and the relevant factors described above, the Court is satisfied that both good cause and excusable neglect exist.

Accordingly, upon review, the Court **GRANTS** Mr. Cannon's Unopposed Motion

---

neglect.'"). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[3] *Pioneer Inv. Servs. Co.*, 507 U.S. at 388 (alteration in original) (quoting *Webster's Ninth New Collegiate Dictionary* 791 (1983)).

[4] *Id.* at 395.

for Leave to File Responsive Pleading Out of Time (Dkt. 26). He may file his answer or other responsive pleading on or before March 16, 2023.

**IT IS SO ORDERED** this 9th day of March 2023.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE