IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON DOLLARHIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-642-PRW |
| ) | |
| DENNIS DICKENS, Oklahoma Highway ) | |
| Patrol, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AND BRIEF IN SUPPORT
OF DEFENDANT DEPUTY CANNON**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Deputy Vaughn Cannon hereby request this Court dismiss the Plaintiff's Complaint as it fails to state a claim for relief that may be granted. In support hereof, Defendant states the following:

**STATEMENT OF THE CASE**

Plaintiff Jason Dollarhide has sued various defendants, including Cleveland County Sheriff's Deputy Vaughn Cannon, for alleged violations of his civil rights and for purported torture pursuant to a criminal statute. The sum total of Plaintiff's allegations are contained within two brief paragraphs and do not raise a single allegation against an identifiable person or agency, much less against Defendant Cannon specifically. In total, Plaintiff alleges as follows:

> [T]he nature of crimes that was committed upon our family you can never put a price on emotial damage especially to a four year old child, that watched [and] listened to her DADDY get tortured. Our family was watching deer in a deer watching area when this OK state trooper comes blowing his siren and scaring the triple deers off we were watching and then started telling us lies about the area and I was recording on my cell phone Immediately (sic).

[Doc. 1, p. 6]. That is the entirety of Plaintiff's factual allegations. Plaintiff's Complaint provides no further fact or information as to what it is that Defendant Cannon, or anyone else for that matter, did or did not do that he claims constituted criminal torture or a civil rights violation.

This conclusory Complaint offers no meaningful factual allegation that form the basis of his claims. Plaintiff's Complaint clearly fails to state a claim upon which relief may be granted as he has failed to give Defendant Cannon notice of what conduct he allegedly engaged in that could have violated Plaintiff's rights. As such, this Complaint should be dismissed.

## STANDARD ON MOTION TO DISMISS

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). When these standards are applied to Plaintiff's Complaint, it is clear the Complaint must be dismissed.

### A. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

The Supreme Court's standard for 12(b)(6) dismissal is "whether the complaint contains 'enough facts to state a claim that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). The court should "look for plausibility in th[e] complaint." *Alvarado v. KOBTV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl.*, 127 S. Ct. at 1974). The specific allegations in the complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n.2; *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Entitlement to relief requires more than just "labels and conclusions or a formulaic recitation of the elements" to state a cause of action. *Robbins v. State of Oklahoma, et al.*, 519 F.2d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl.*, 127 S.Ct. at 1965).

Rule 8 requires, among other things, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(2), (d)(1). "This is not just a minimum standard for a plaintiff but also a protection for a defendant." *Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at *1 (W.D. Okla. Feb. 1, 2019).

The Plaintiff's Complaint fails to state any fact to demonstrate he is entitled to relief against Defendant Cannon. The Complaint does not provide a single fact as to any action or wrongdoing by Defendant Cannon. As a result, Plaintiff's Complaint should be dismissed for failure to comply with the federal pleading standards.

**B. PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.**

In § 1983 cases such as the instant action, where the defendants include various government agencies as well as government actors sued in their individual capacities, plaintiffs must make clear in their complaint exactly <u>who</u> is alleged to have done <u>what</u> to <u>whom</u> so that each individual defendant has fair notice of the claims against him or her, as

distinguished from collective allegations against the state. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Failure to make clear *who is alleged to have done what to whom* will result in dismissal "for failure to state a claim upon which relief can be granted." *Id.* at 1246 & 1254. "[U]se of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," is insufficient to overcome a motion to dismiss. *Id.* at 1250.

Defendant Cannon is mentioned just a single time in Plaintiff's Complaint and only in the list of defendants. He is not referenced in any factual allegation or cause of action. As such, Plaintiff has not alleged any personal participation in any violation of a constitutional right by Defendant Cannon. Plaintiff's allegations are contained in two short paragraphs and contain wholly insufficient ambiguous allegations which clearly fail to allege *who* did *what* to *whom,* and do not make a single reference to Defendant Cannon. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Accordingly Plaintiff has failed to meet the pleading standards of *Twombly, Iqbal,* or the Tenth Circuit as he has failed to put Defendant Cannon on notice of what he allegedly did or did not do that may have violated Plaintiff's rights. Such generalized grouping as utilized by Plaintiff is insufficient under Rule 8. *Robbins v. Oklahoma*, 519 F.3d at 1250. Plaintiff's Complaint must be dismissed because "the burden rests on the plaintiff to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins*, 519 F.3d at 1250.

### C. DEFENDANT CANNON IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects public officials from individual liability in a Section 1983 action unless the official violates a clearly established constitutional right. *Mick v.*

*Brewer,* 76 F.3d 1127, 1134 (10th Cir. 1996). Once a public official asserts qualified immunity, the burden shifts to the Plaintiff to prove: (a) a constitutional right was violated and (b) that the alleged violation infringed upon a clearly established right. *Callahan v. Millard County,* 494 F.3d 891 (10th Cir. 1997). A right is clearly established if it has been determined by the Supreme Court or Circuit precedent such that the official would have been on notice that the right exists, and his actions or omissions are a violation of that clearly established constitutional right. *Id.* Concluding that a right has been clearly established is a fact specific inquiry. *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). Relying on generalizations or the broad history of a constitutional amendment or statute is insufficient for determining that a right is clearly established. *Ashcroft v. al-Kidd,* 131 S. Ct. 2074 (2011). Plaintiff must show the official would have been on notice that his actions were violating a constitutionally or statutorily protected right. *Finn v. New Mexico*, 249 F.3d 1241 (10th Cir. 2001).

Qualified immunity allows public officials to make reasonable decisions to carry out their duties without fear of liability or retributive lawsuits. *Pearson v. Callahan*, 555 U.S. 223 (2009). Through qualified immunity, an official will only be liable for knowingly violating a person's rights, thus allowing the official to perform his job without the threat of liability looming over every decision. *Id.* Qualified immunity balances two important interests: the need to hold public officials accountable for irresponsible exercises of power, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.*

There are no facts in the Complaint that demonstrate Defendant Cannon committed any underlying constitutional violation, nor that any right of Plaintiff was clearly-established so that Defendant Cannon would be on notice his actions may violate the Constitution. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) Accordingly, Defendant Cannon is entitled to qualified immunity and dismissal from the instant action.

### D. PLAINTIFF CANNOT ENFORCE CRIMINAL LAWS

Plaintiff's Complaint asserts a claim for violation of 18 U.S.C. § 2340A, which is a federal criminal statute regarding torture "outside the United States." 18 U.S.C. § 2340A(a). As Plaintiff's allegations arise out of an incident in Oklahoma, which is in the United States, this criminal statute does not apply to the case at bar. Additionally, Plaintiff does not have the ability to enforce the criminal statute.

"Decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion. Private citizens have 'no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Monumental Task Committee, Inc v. Fox,* 157 F.Supp.3d 573, 592 (E.D. LA 2016) (citing *Gill v. Texas,* 153 Fed.Appx. 261, 262 (5th Cir. 2005))(citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)); *Chapa v. Adams,* 168 F.3d 1036, 1038 (7th Cir. 1999)("Criminal statutes, which express prohibitions rather than personal entitlements and specific a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of actions."); *W. Allis Mem'l Hosp., Inc., v. Bowen,* 852 F.2d 251, 254 (7th Cir.1988)("A strong presumption exists against the creation of ... implied rights of action" stemming from criminal statutes").

It is clear from federal jurisprudence that Plaintiff does not have a right to enforce federal criminal statutes via a civil action. Even if 18 U.S.C. § 2340A applied to the case at bar – which it clearly does not – Plaintiff does not have the authority to bring suit based upon a criminal statute and the Complaint must be dismissed.

### E. PLAINTIFF DOES NOT HAVE STANDING TO ASSERT CLAIMS ON BEHALF OF OTHERS

In his Complaint, Plaintiff makes references to allegations regarding the rights of his daughter and his family. However, no one other than Plaintiff Dollarhide is a party in this action. Plaintiff may not utilize the potential claims of these non-parties to bolster his own allegations as "a section 1983 claim must be based upon the violation of the plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(Citing *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). A civil rights action pursuant to § 1983 "is a personal suit. It does not accrue to a relative." *Dohaish,* 670 F.2d at 936. To the extent that Plaintiff has asserted claims on behalf of his child or family members those claims must be dismissed and should not be considered in determining whether Plaintiff has stated a claim for violation of his rights.

WHEREFORE, premises considered, Defendant Deputy Vaughn Cannon, respectfully requests this Court dismiss the claims against him in the Plaintiff's Complaint as it fails to state a claim upon which relief may be granted and for all other relief this Court deems fair and equitable.

Respectfully submitted,

s/ Jessica L. Dark
Robert S. Lafferrandre, OBA No. 11897
Jessica L. Dark, OBA No. 31236
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
rlafferrandre@piercecouch.com
jdark@piercecouch.com
*Attorneys for Defendant Vaughn Cannon*

## CERTIFICATE OF SERVICE

I certify that on the 10th day of March, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

s/ Jessica L. Dark
Jessica L. Dark