IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON R. DOLLARHIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00642-PRW |
| | ) | |
| DENNIS DICKENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Jason Dollarhide filed his Complaint (Dkt. 1) *pro se*[1] against the Oklahoma Highway Patrol and various law-enforcement officers. The Complaint raises two grounds for relief—42 U.S.C. § 1983 for a "violation of civil rights" and 18 U.S.C. § 2340A (the federal torture statute)—and seeks $250,000,000 in damages. The statement-of-the-claim section reads as follows:

> Our family was watching deer in a deer watching area when this OK state trooper comes blowing his siren and scaring the triple deers [sic] off we were watching and then started telling us lies about the area and I was recording on my cell phone immeditly [sic].[2]

Although the Complaint lists various officers as defendants, it does not otherwise describe their involvement in the alleged civil-rights violation or torture. The Court liberally

---

[1] Mr. Dollarhide has since retained counsel (Dkt. 20).

[2] Pl.'s Compl. (Dkt. 1), at 6.

1

construes Mr. Dollarhide's Complaint.[3]

The defendants filed four motions to dismiss for failure to state a claim (Dkts. 10, 15, 17, & 28), but Mr. Dollarhide responded to only one of the motions. In that motion (Dkt. 10), the defendants first argue that Mr. Dollarhide has failed to state a claim under 18 U.S.C. § 2340A because that statute (1) criminalizes torture occurring *outside* the United States and (2) does not create a private cause of action. Indeed, § 2340A provides that "[w]hoever outside the United States commits or attempts to commit torture shall be fined under this title or imprisoned not more than 20 years, or both,"[4] and § 2340B states that "[n]othing in this chapter shall . . . be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding."[5] The defendants next argue that the Complaint should be dismissed because the factual allegations do not give them a meaningful opportunity to mount a defense. Rather than mentioning specific individuals and stating how they were involved in the alleged incident, the Complaint's statement-of-the-claim section mentions only "OK state trooper."[6]

---

[3] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

[4] *See Renkel v. United States*, 456 F.3d 640, 644–45 (6th Cir. 2006) (observing that 18 U.S.C. §§ 2340 and 2340A criminalize torture occurring outside the United States).

[5] *See id.* ("[18 U.S.C. §§ 2340 and 2340A] do not provide civil redress for torture within the United States.").

[6] Pl.'s Compl. (Dkt. 1), at 6. The statement-of-the-claim section instructs *pro se* litigants to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write

In response, Mr. Dollarhide seeks to add new allegations to his Complaint;[7] he does not, however, address the defendants' legal arguments with respect to his claims. Upon review, the Court agrees with the defendants that Mr. Dollarhide has failed to state a claim. He cannot bring a claim under § 2340A, and even if the Court liberally construes the Complaint to include an alleged violation of Mr. Dollarhide's constitutional rights,[8] it fails to "simply, concisely, and directly set forth allegations that show he is entitled to relief."[9] The defendants' motion (Dkt. 10) is thus **GRANTED**.

---

a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed." *Id.*

[7] Mr. Dollarhide's response alleges that "these named defendants[] showed up to the Lake Thunderbird deer watching area" on August 1, 2021, that they handcuffed him while he "begg[ed] for medical attention," and that an "all out assault and torture [took] place for almost 7–8 [minutes]." Pl.'s Resp. (Dkt. 12), at 1. But the Complaint's statement of the case does not contain any allegation that Mr. Dollarhide was assaulted or physically harmed by multiple officers, let alone by a single officer; it states simply that an "OK state trooper" approached with his siren "blowing," scared off the deer, and "started telling us lies about the area." Pl.'s Compl. (Dkt. 1), at 6. Because the response "contains new factual allegations which differ from (and in some instances conflict with) the allegations in the Complaint," the Court declines to consider these new alleged facts. *See Warmoth v. Medtronic, Inc.*, No. CIV-21-712-SLP, 2023 WL 3938464, at *5 (W.D. Okla. June 9, 2023) (citing *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("While it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, . . . a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint.")).

[8] The Complaint references 42 U.S.C. § 1983, but other than the federal torture statute, Mr. Dollarhide does not allege that the defendants violated any other statutory or constitutional provision.

[9] *See Garcia v. Yniquez*, No. 22-1041, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (citing Fed. R. Civ. P. 8). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

As for the remaining motions to which Mr. Dollarhide did not respond, the Court deems them confessed.[10] Upon review of the motions, the applicable law, and the Complaint, the Court finds that Mr. Dollarhide has failed to state a claim against those defendants. The Court thus **GRANTS** their motions to dismiss (Dkts. 15, 17, & 28).

Mr. Dollarhide's Complaint (Dkt. 1) is **DISMISSED** without prejudice, and the remaining pending motions in the case are **DENIED AS MOOT** (Dkts. 4, 8, & 11). The Court will permit Mr. Dollarhide to file a motion—on or before July 24, 2023—for leave to amend his Complaint to comply with Rule 8 of the Federal Rules of Civil Procedure.[11] Should he fail to timely seek leave to amend, a judgment will be entered in favor of the defendants.

**IT IS SO ORDERED** this 23rd day of June 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[10] *See* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

[11] Any motion to amend must also comply with LCvR15.1, which requires a party to "attach the proposed pleading as an exhibit to the motion."