IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON DOLLARHIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-642-PRW |
| ) | |
| DENNIS DICKENS, Oklahoma Highway ) | |
| Patrol, et al., ) | |
| ) | |
| Defendants. ) | |

### RESPONSE AND OBJECTION TO PLAINTIFF'S
### MOTION TO AMEND COMPLAINT OF PURPORTED DEFENDANT CANNON

Deputy Vaughn Cannon hereby submits this Response and Objection to Plaintiff's Motion to Amend Complaint (Doc. 30) as it is futile and subject to dismissal under Fed. R. Civ. P. 12(b)(6). As discussed herein, the Motion to Amend should be denied.

**I.      Introduction**

Plaintiff Jason Dollarhide initially filed this case pro se on August 2, 2022, claiming alleged violations of his civil rights and for purported torture pursuant to a criminal statute. The sum total of Plaintiff's allegations were contained within two brief paragraphs and did not raise a single allegation against an identifiable person or agency, much less against Defendant Cannon specifically. In total, Plaintiff alleged as follows:

> [T]he nature of crimes that was committed upon our family you can never put a price on emotial damage especially to a four year old child, that watched [and] listened to her DADDY get tortured. Our family was watching deer in a deer watching area when this OK state trooper comes blowing his siren and scaring the triple deers off we were watching and then started telling us lies about the area and I was recording on my cell phone Immediately (sic).

[Doc. 1, p. 6]. All Defendants moved for dismissal (Dock. 10, 15, 17, 28) and Plaintiff, who had secured counsel in the interim, responded to just one of the motions (Doc. 10). The Court granted the Motions, dismissed Plaintiff's Complaint, and gave Plaintiff leave to file a motion to amend. (Doc. 15, 17, 28, 29). Plaintiff has filed his Motion to Amend and submitted his proposed Amended Complaint at Doc. 30.

In the proposed Amended Complaint, Plaintiff seeks to add his wife and child as plaintiffs and they purport to allege violations of the First, Fourth and Fourteenth Amendments, as well as state law torts. However, it appears Plaintiff and the proposed plaintiffs take issue only with the alleged conduct of Trooper Dennis Dickens. In fact, Trooper Dickens is the *only* individual whose actions are even described by Plaintiff:

- "Dickens had no probable cause to write a citation for the bumper sticker[.]" (Doc. 30-1, par. 16);

- "Dickens had no probable cause to demand Jason Dollarhide or Heather Dollarhide's identification." (Doc. 30-1, par. 18);

- "Dickens assaulted Heather Dollarhide by trying to snatch her cell phone . . ." and "Dickens committed battery upon Jason . . ." (Doc. 30-1, par. 20).

- "Because of the lack of probable cause in the beginning [by Dickens], Jason was falsely imprisoned." (Doc. 30-1, par. 22).

Additionally, "Plaintiffs assert they were denied both substantive and procedural due process." (Doc. 30-1, par. 19) Not a single person is alleged to have committed such violation. The closest Plaintiff comes to alleging facts about the conduct of any other officer is his allegation that "[a]ll named defendants are responsible for the arrest and

2

detention of Jason without a warrant and without probable cause." (Doc. 30-1, par. 21). This proposed Amended Complaint is woefully deficient in numerous ways, but specifically as to Defendant Cannon and his employer, Cleveland County, it fails to state a claim upon which relief could be granted.

For the reasons stated herein, and as already stated by the Court in Doc. 29, the proposed Amended Complaint is futile and would be subject to complete dismissal under Fed. R. Civ. P. 12(b)(6) as to the claims against Deputy Cannon and his employer Cleveland County, which Plaintiff and the purported plaintiffs seek to add as a defendant. (See Doc. 30).

## II.     STANDARD OF REVIEW

The Court has the discretion whether to grant a motion seeking leave to amend, and leave should be freely granted where justice requires. Fed. R. Civ. P. 15(a)(2); *Anderson v. Merrill Lynch Pierce Fenner & Smith Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008). The Court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch, supra,* 521 F.3d at 1288; *see also Jefferson County Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir. 1999); *Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239 (10th Cir. 2001); *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999). The grant or denial of a motion to amend is within the sound

discretion of the trial court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

As described herein, the proposed Amended Complaint is futile as it is subject to dismissal under Fed. R. Civ. P. 12(b)(6). Further, it is unduly prejudicial to Defendant Cannon, and now his employer, Cleveland County, to continue to be forced to litigate and defend this case in which Plaintiff cannot even point to one alleged wrongful act by either Cannon or Cleveland County.

### III. THE PROPOSED AMENDED COMPLAINT WOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) AND IS, THUS, FUTILE.

In the same vein as his initial Complaint, the proposed Amended Complaint fails to state a single act or omission by Deputy Cannon to support any claim for relief. It offers no meaningful factual allegation to form the basis of any of these potential plaintiffs' claims against Deputy Cannon or the County itself.

Rule 8 requires, among other things, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(2), (d)(1). "This is not just a minimum standard for a plaintiff but also a protection for a defendant." *Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at *1 (W.D. Okla. Feb. 1, 2019).

In § 1983 cases such as the instant action, where the defendants include various government agencies as well as government actors sued in their individual capacities, plaintiffs must make clear in their complaint exactly *who* is alleged to have done *what* to *whom* so that each individual defendant has fair notice of the claims against him or her, as

4

distinguished from collective allegations against the state. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Failure to make clear *who is alleged to have done what to whom* will result in dismissal "for failure to state a claim upon which relief can be granted." *Id.* at 1246 & 1254. "[U]se of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," is insufficient to overcome a motion to dismiss. *Id.* at 1250.

The proposed Amended Complaint fails to state any fact to demonstrate that any plaintiff is entitled to relief against Defendant Cannon. The proposed Amended Complaint does not provide a single fact as to any action or wrongdoing by Defendant Cannon toward anyone, much less toward each specific purported plaintiff. In fact, Cannon is only specifically mentioned once in the list of defendants and, apparently, generally as one of the "multitude of officers" who responded to the scene. (Doc. 30-1, par. 14).

Accordingly Plaintiff and the proposed plaintiffs have again failed to meet the pleading standards of *Twombly, Iqbal,* and the Tenth Circuit as the proposed Amended Complaint fails to put Defendant Cannon on notice of what he allegedly did or did not do that may have violated anyone's rights. (See Court's Order, Doc. 29, at p. 3, fn 9). In the Court's initial Order, it liberally construed the Complaint as Plaintiff was pro se; however, Plaintiff is now represented by counsel and, as such, liberal construction is not required. The failure to attribute any conduct to Cannon or the County and the generalized grouping of Defendants as utilized by Plaintiff and the proposed plaintiffs is insufficient under Rule 8 and the federal pleading standards. *Robbins v. Oklahoma*, 519 F.3d at 1250. As there are, again, no allegations of any personal participation in any violation of a constitutional right

by Defendant Cannon, the proposed Amended Complaint would be subject to dismissal. As such, the Motion for Leave to Amend should be denied.

Lastly, the Plaintiffs' proposed Amended Complaint asserts that purported defendant "Sgt. Lyon" is an employee of Cleveland County; however, as stated by the Plaintiffs, Sgt. Lyon is a Park Ranger, (Doc. 30-1, par. 6), which is a position within the State of Oklahoma, not the County. See 74 O.S. § 2216. Thus, even if the proposed Amended Complaint contained sufficient allegations against Sgt. Lyons, which it does not, it fails to state a claim for relief against Cleveland County under any theory of *respondeat superior* or *Monell* liability theory.

WHEREFORE, premises considered, Deputy Vaughn Cannon respectfully requests this Court deny the Plaintiff's Motion for Leave to File an Amended Complaint as it is wholly futile and fails to state a claim upon which relief may be granted and for all other relief this Court deems fair and equitable.

Respectfully submitted,

s/ Jessica L. Dark
Robert S. Lafferrandre, OBA No. 11897
Jessica L. Dark, OBA No. 31236
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
rlafferrandre@piercecouch.com
jdark@piercecouch.com
*Attorneys for Defendant Vaughn Cannon*

## CERTIFICATE OF SERVICE

   I certify that on the 31st day of July, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

                s/ Jessica L. Dark
                Jessica L. Dark