### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

JASON R. DOLLARHIDE,

    Plaintiffs,

vs.

DENNIS DICKENS, Oklahoma Highway Patrol *et al.*,

    Defendants.

Case No. CIV-22-642 PRW

### RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE OF THE COURT TO FILE FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

**COMES NOW** Defendants Darren Strauss, Harley Rhynes,[1] Joshua Rojales, Colby Haigler, and Jonathan Hicks (Individual Municipal Defendants) and for their Response to Plaintiffs' Motion for Leave of the Court to File First Amended Complaint and Brief in Support would show this Court that leave to amend should not be granted regarding the Individual Municipal Defendants because Plaintiffs' proposed amendment would prove futile.

### BRIEF IN SUPPORT

This case arises out of Plaintiff Jason Dollarhide's arrest for assault and battery on a police officer in violation of 21 O.S. § 649(A) and obstructing an officer in violation of 21 O.S. § 540. *See State v. Dollarhide*, Case No. CM-2021-1404

---

[1] An adequate prefiling investigation would reveal that Officer Harley Rhynes was dispatched to the call at issue in this case but was cancelled before he arrived. Thus, it is not clear why he is named as a defendant.

1 | Page

(CCDC 2021).[2]  These charges are pending in Cleveland County District Court.  *Id.*  The only Cause of Action against the Individual Municipal Defendants is a "State and Common Law Claim[]" for false arrest.  First Amended Complaint [EFC 30-1] at 6-7 ("[a]ll named defendants are responsible for the arrest and detention of Jason without a warrant and without probable cause").

The primary issue raise by the Individual Municipal Defendants is as follows:

> Under Oklahoma law, an employee of a municipality cannot be held liable for acts or omissions within the scope of their employment.  Plaintiffs' First Amended Complaint expressly alleges that the Individual Municipal Defendants were within the scope of their employment when the events at issue in this case occurred.  Does Plaintiffs' First Amended Complaint state a claim against the Individual Municipal Defendants?

It will be demonstrated below that Plaintiffs' request for leave to file an amended complaint should be denied because their First Amended Complaints fails to state a claim against the Individual Municipal Defendants.

## STANDARD OF REVIEW

Although Federal Rule of Civil Procedure (FRCP) 15(a) provides that leave to amend shall be given freely, a district court may deny leave to amend where amendment would prove futile.  *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 561 (10th Cir. 1997), *cert. denied*, 524 U.S. 953, 118 S.Ct. 2370, 141 L.Ed.2d 738 (1998).  A proposed amendment is futile if the complaint, as amended,

---

[2] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CM-2021-1404&cmid=2385428 (last visited August 1, 2023).

would be subject to dismissal. *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir. 1992). Here, leave to amend regarding the City and Individual Municipal Defendants should be denied because the cause of action proposed against these parties would prove futile.

## ARGUMENT AND AUTHORITY

### PROPOSITION

**PLAINTIFFS' PROPOSED FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL MUNICIPAL DEFENDANTS.**

**A.   False Arrest**

Subsection C of 51 O.S. § 163 states as follows:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant with the exception that suits based on the conduct of resident physicians and interns shall be made against the individual consistent with the provisions of Title 12 of the Oklahoma Statutes.

The second sentence of this provision expressly prohibits naming employees of a political subdivision as defendants when such employees are acting within the scope of their employment. *See Phillips v. Grady Cnty. Bd. of Cnty. Comm'rs*, 92 Fed. Appx. 692, 698 (10th Cir. 2004) (unpublished) (observing that 51 O.S. § shields a governmental employee from liability when acting within the scope of the employee's employment).

In their First Amended Complaint, Plaintiffs make the following factual allegation:

> At all times relevant hereto, defendant officers were acting under the color of law and under the statutes, ordinances, regulations, customs and usage of the State of Oklahoma, the Department of Public Safety, the County of Cleveland, the City of Norman and the Norman Police Department, and within their scope of their employment.

Proposed First Amended Complaint at pg. 3, ¶ 9. Because Plaintiffs allege that the Individual Municipal Defendants were acting within the scope of their employment, 51 O.S. § 163(C) prohibits Plaintiffs from naming the Individual Municipal Defendants as defendants. Because 51 O.S. § 163(C) prohibits Plaintiffs from naming the Individual Municipal Defendants as defendants, Plaintiffs' proposed First Amended Complaint against these Defendants would prove futile – i.e., Plaintiffs' claim against the Individual Municipal Defendants would be subject to dismissal. Consequently, Plaintiffs should not be granted leave to allege a state law false arrest claim against the Individual Municipal Defendants.[3]

---

[3] There is no reasonable good faith basis to allege a false arrest claim against the Individual Municipal Defendants because they did not arrive until well after the initial arrest had taken place. *See* Exhibit No. 1 - Conventionally Filed Flash Drive at Video No. 1 at 19:17; *Merritt v. City of New York*, No. 2001 WL 1097866, at *2 (S.D.N.Y. 2001) (holding that the plaintiff could not assert false arrest claim against police officer who "did not arrive until well after the initial arrest had taken place"). Video No. 1 is the entire footage from the Youtube Video cited by Plaintiffs without the narrative. The Individual Municipal Defendants' participation was limited to moving his handcuffs from the front of his body to the back and transporting him to jail.

**B.     Additional Claims, if any**

Plaintiffs' First Cause of Action, 1st Amendment Claims, Second Cause of Action, 4th Amendment Claims, and Fourth Cause of Action for Assault and Battery, expressly refer to the acts or omissions of Defendant Dennis Dickens. First Amended Complaint at 5-7. As noted above, the Individual Municipal Defendants believe that the only Cause of Action that applies to them is Plaintiffs' Fourth Cause of Action for False Arrest. Assuming without conceding that Plaintiffs' Third Cause of Action, 14th Amendment Due Process Claims, and Fourth Causes of Action for False Imprisonment and Infliction of Emotional Distress apply to the Individual Municipal Defendants, leave to amend to add these claims should not be granted because the amendment would prove futile.

**1.     Fourteenth Amendment Due Process Claims**

In *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), the Fifth Circuit addressed subject matter jurisdiction over the plaintiff's federal rights to due process sua sponte. The plaintiff's due process claims were based on certain action taken by a district attorney. The court dismissed the plaintiff's due process claims as premature. *Id.* at 1341. The court observed, "[f]or an issue to be ripe for adjudication, a plaintiff must show that he 'will sustain immediate injury' and 'that such injury would be redressed by the relief requested.'" *Id.* (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.,* 438 U.S. 59, 81, 98 S.Ct. 2620, 2635, 57 L.Ed.2d 595 (1978)). The court further observed that criminal and civil proceedings were pending in state court; consequently, the existence of prejudice

could not be demonstrated at that time, and any damages would be purely speculative. *Id.* Because there were civil and criminal proceedings pending in state court, the appellate court dismissed the plaintiff's due process claims for lack of subject matter jurisdiction. *Id.*

As noted above, this case arises out of Plaintiff Jason Dollarhide's arrest for assault and battery on a police officer in violation of 21 O.S. § 649(A) and obstructing an officer in violation of 21 O.S. § 540. As noted above, these charges are pending in state court. Because charges against Plaintiff Jason Dollarhide are pending in state court, Plaintiffs cannot establish the existence of prejudice at this time and an award of damages would be purely speculative. Because Plaintiffs cannot establish the existence of prejudice at this time and an award of damages would be purely speculative, Plaintiffs' proposed Fourteenth Amendment Due Process Claims would prove futile – i.e., they would be subject to dismissal for lack of subject matter jurisdiction. Consequently, Plaintiffs should not be granted leave to add these claims.

### 2.  False Imprisonment and Infliction of Emotional Distress

Plaintiffs' Fourth Causes of Action for False Imprisonment and Infliction of Emotional Distress are based on "State and Common Law." These claims would prove futile because 51 O.S. § 163(C) prohibits Plaintiffs from naming the Individual Municipal Defendants as defendants for loss resulting from torts committed within the scope of the Individual Municipal Defendants' employment.

Thus and assuming arguendo that these claims apply to the Individual Municipal Defendants, leave to amend to add these claims should not be granted.[4]

## CONCLUSION

**WHEREFORE** the above and forgoing, the Individual Municipal Defendants respectfully request that this Court deny Plaintiffs' request for leave to amend and award the Individual Municipal Defendants all other relief deemed just and equitable.

Respectfully submitted,

CITY OF NORMAN
KATHRYN WALKER, CITY ATTORNEY

by: s/ *Rickey J. Knighton II*
Rickey J. Knighton II, OBA No. 17257
Assistant City Attorney
Jeanne M. Snider, OBA No. 19223
Assistant City Attorney
Anthony Purinton, OBA No. 34276
Assistant City Attorney
P.O. Box 370
201 West Gray
Norman, Oklahoma 73070
Telephone:  (405) 217-7700
Facsimile:  (405) 366-5425
Email:  rick.knighton@normanok.gov
Email:  jeanne.snider@normanok.gov
Email:  anthony.purinton@normanok.gov

*Attorneys for the City of Norman and the Individual Municipal Defendants*

---

[4] Plaintiffs' state law claim for false imprisonment would also be subject to dismissal because Plaintiff Jason Dollarhide was detained by reason of an asserted legal authority to enforce the processes of the law.  *See Alsup v. Skaggs Drug Ctr.*, 1949 OK 136, ¶ 7, 203 Okla. 525, 526, 223 P.2d 530, 532 (distinguishing false arrest from false imprisonment).  Moreover, Plaintiffs' state law claim for false imprisonment was not filed within one (1) year as required by 12 O.S. § 95(A)(4).

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2023, I electronically transmitted the above and foregoing Response to the Clerk of Court using the ECF System for filing and the following registrants:  James A. Conrady, Devan Pederson, Jessica Dark, Robert Lafferrandre, and Tracy Neel.

    s/ *Rickey J. Knighton II*

## **INDEX OF EXHIBITS**

| No. | Description |
| --- | --- |
| 1. | Conventionally Filed Flash Drive |