IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON DOLLARHIDE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DENNIS DICKENS, Oklahoma ) <br> Highway Patrol, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 22-cv-642-PRW <br><br> Judge Patrick R. Wyrick |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT BY DEFENDANTS LYON AND SHARP**

For their Response in Opposition to Plaintiff's Motion to File First Amended Complaint, Defendants Lyon and Sharp state the following:

Plaintiff seeks to file a First Amended Complaint adding his wife, Heather Dollarhide, and his daughter, M.C.D., as additional party plaintiffs. Plaintiff's proposed First Amended Complaint asserts three theories of recovery under § 1983: (1) infringement of Plaintiff's First Amendment rights to free speech [Doc. 30-1 at ¶16]; (2) unlawful request for identification in violation of the Fourth Amendment [Doc. 30-1 at ¶¶17-18]; and (3) violation of procedural and substantive due process under the Fourteenth Amendment [Doc. 30-1 at ¶19]. The proposed First Amended Complaint also asserts four theories of recovery under state law: (1) assault and battery, (2) false arrest, (3) false imprisonment, and (4) intentional infliction of emotional distress. [Doc. 30-1 at ¶¶20-23]. In support of

his claims, Plaintiff references a youtube video of the incident. [Doc. 30-1 at ¶¶15, 19]. The video has been made part of the record. [Doc. 32-1].

**I.      Plaintiff's motion to amend should be denied under the rule of *Robbins v. Oklahoma* because his proposed First Amended Complaint fails to allege who did what to whom in a manner sufficient to overcome dismissal.**

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017). In § 1983 cases such as this where the defendants include government agencies as well as government actors sued in their individual capacities, failure to make clear who is alleged to have done what to whom will result in dismissal. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Plaintiffs must make clear in their complaint exactly who is alleged to have done what to whom so that each individual defendant has fair notice of the claims against him or her, as distinguished from collective allegations against the state. *Id.* at 1249–50. Even when a cause of action arises under state law, federal courts apply federal pleading standards to the state-law claim. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (federal courts apply federal rules of civil procedure to state-law claims). "[U]se of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," is insufficient to overcome a motion to dismiss. *Id.* at 1250.

Here, the only references to Defendants Lyon or Sharp in Plaintiff's proposed amended complaint [Doc. 30-1] are in paragraphs 4, 6, and 21. Paragraph 4 merely states that: "Mike Sharp is a Trooper employed by the Oklahoma Department of Public Safety, Marine Division." Paragraph 6 merely provides that, "Sgt. Lyon, is a Park Ranger." Paragraph 21 consists only of the conclusory allegation that "All named defendants are responsible for the arrest and detention of Jason without a warrant and without probable cause." The proposed amended complaint does not show what Defendants Lyon or Sharp are alleged to have done, whether they were even present during the incident, or what theory of liability Plaintiffs are seeking to use to hold them liable. For this reason, any purported claim against Defendants Lyon or Sharp must be dismissed under the rule of *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

**II.    The proposed First Amended Complaint fails to state a claim against Defendants Lyon or Sharp for infringement of Plaintiffs' First Amendment rights.**

Plaintiff's First Amendment claim is directed only at Defendant Dickens. *See* Doc. 30-1 at ¶¶12, 16. No allegation involving the proposed First Amendment claims has been made against Defendants Lyon or Sharp. If Plaintiff was attempting to assert a First Amendment claim against Defendants Lyon or Sharp, the proposed First Amended Complaint is insufficient to do so because it is completely silent on what Lyon or Sharp is alleged to have done that violated the

3

First Amendment. Thus, it fails to state a claim against Defendants Lyon or Sharp under the rule of *Robbins*, 519 F.3d at 1250.

**III.   The proposed First Amended Complaint fails to state a Fourth Amendment claim against Defendants Lyon or Sharp.**

Plaintiff's Fourth Amendment claim is directed only at Defendant Dickens. *See* Doc. 30-1 at ¶¶12, 18. Plaintiff alleges that "Dickens had no probable cause to demand Jason Dollarhide or Heather Dollarhide's identification." Doc. 30-1 at ¶18. No allegation involving the proposed Fourth Amendment claims has been made against Defendants Lyon or Sharp. If Plaintiff was attempting to assert a Fourth Amendment claim against Defendants Lyon or Sharp, the proposed First Amended Complaint is insufficient to do so because it is completely silent on what Defendants Lyon or Sharp are alleged to have done that violated the Fourth Amendment. Thus, it fails to state a claim against Defendants Lyon or Sharp under the rule of *Robbins*, 519 F.3d at 1250.

**IV.   The proposed First Amended Complaint fails to state a due process claim against Defendants Lyon or Sharp.**

Plaintiff's due process claim is not directed at any specific defendant. *See* Doc. 30-1 at ¶19. Plaintiff merely recites an abbreviated version of the elements of substantive and procedural due process claims and then avers that "[a] review of the 32 minute You Tube Video is a shock to anyone's conscience." *Id.* If Plaintiff was attempting to assert a due process claim against Defendants Lyon or Sharp, the

proposed First Amended Complaint is insufficient to do so because it is completely silent on what they are alleged to have done that violated the Due Process Clause. The video is of no assistance because there is no reference to Defendants Lyon or Sharp therein and it is unclear whether anyone depicted in the video is Defendant Lyon or Defendant Sharp, or, if so, what it is that they allegedly did that violated the Due Process Clause. Thus, the proposed First Amended Complaint fails to state a due process claim against Defendants Lyon or Sharp under the rule of *Robbins*, 519 F.3d at 1250.

In addition, all of Plaintiffs' claims in this case focus on freedom of speech and freedom from detention. These rights are covered the First and Fourth Amendments, respectively—not by the Fourteenth. When a Bill of Rights amendment covers the constitutional interest at issue, it is the Bill of Rights that governs the right rather than the more general Due Process Clause. See *Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007). Thus, when a plaintiff seeks to assert a claim based on substantive or procedural due process, the claim is properly dismissed if the constitutional interest at issue is covered by a Bill of Rights provision. *See id.*

Furthermore, where (as here), there is no contention that it was practicable for the State to provide a predeprivation hearing, and where state law permits tort claims against the state to redress alleged deprivations, there can be no § 1983

claim for procedural due process. *Parratt v. Taylor*, 451 U.S. 527, 543–544 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Oklahoma law provides for tort claims against the State. *See* 51 O.S. §§ 151-172. Thus, Plaintiff's procedural due process claim is precluded by *Parratt*.

**V.      The proposed First Amended Complaint fails to state any state-law claim against Defendants Lyon or Sharp.**

Plaintiff's proposed state-law claims for (1) assault and battery, (2) false arrest, (3) false imprisonment, and (4) infliction of emotional distress (IIED), contain no allegations showing what Defendants Lyon or Sharp allegedly did to incur liability under state law. The assault and battery claim is directed only at Trooper Dickens. The false imprisonment and IIED claims are devoid of any reference to Lyon or Sharp. And the false arrest claim contains nothing more than the conclusory allegation that: "All named defendants are responsible for the arrest and detention of Jason without a warrant and without probable cause." Doc. 30-1 at ¶21.

"[T]he burden rests on the plaintiff to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins*, 519 F.3d at 1250. Thus, the proposed state-law claims fail for the same reasons Plaintiff's proposed § 1983 claims fail. They do not show who is alleged to have done what to whom as required by *Robbins*. The *Robbins* pleading standard applies when evaluating state-

6

law claims. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (federal courts apply federal rules of civil procedure to state-law claims).

**CONCLUSION**

For the reasons stated above, Plaintiff's proposed First Amended Complaint fails to state a claim against Defendants Lyon or Sharp upon which relief can be granted. For this reason, it would be futile to allow the amendment. Thus, Plaintiff's Motion for Leave of the Court to File First Amended Complaint [Doc. 30] should be DENIED with respect to Defendants Lyon and Sharp.

    Respectfully submitted,

    s/ Devan A. Pederson
    **DEVAN A. PEDERSON, OBA #16576**
    Assistant Attorney General
    Oklahoma Attorney General's Office
    Litigation Section
    313 N.E. 21st Street
    Oklahoma City, OK 73105
    Telephone: (405) 521-3921
    devan.pederson@oag.ok.gov
    *Attorney for Defendants, Shannon Lyon and Brett Thomas, and Mike Sharp*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the attorneys of record who are ECF registrants.

s/ Devan A. Pederson
**DEVAN A. PEDERSON**
