IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON R. DOLLARHIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-00642-PRW |
| | ) |
| DENNIS DICKENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff Jason Dollarhide's Motion for Leave of the Court to File First Amended Complaint (Dkt. 30), seeking leave to amend the original Complaint to add new defendants and additional allegations against the present defendants. Defendant Vaughn Cannon (Dkt. 31), Defendants Darren Strauss, Harley Rhynes, Joshua Rojales, Colby Haigler, and Jonathan Hicks (Dkt. 32), and Defendants Shannon Lyon and Mike Sharp (Dkt. 35) ("the Opposing Defendants") responded in opposition to Plaintiff's motion. Defendants Dennis Dickens and the State of Oklahoma responded but do not oppose Plaintiff's motion (Dkt. 36).

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to amend its pleading with the opposing party's written consent or with leave of court. In the event leave of court is necessary, Rule 15(a)(2) also directs that "[t]he court should freely give leave

when justice so requires."[1] The decision to grant or deny leave to amend is within this Court's discretion.[2] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3]

The Opposing Defendants make a variety of arguments as to why the proposed amendment is futile, but the common argument is that the proposed amended complaint fails to specify the actions of any individual Opposing Defendant. Indeed, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[4]

The Opposing Defendants are correct, the proposed amended complaint refers to the Opposing Defendants only collectively, failing to specify what each of them did to Plaintiff, how those actions harmed Plaintiff, and what specific legal right each defendant violated.[5] The allegations in the proposed amended complaint are therefore insufficient to

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[3] *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[5] Pl.'s Mot. (Dkt. 30, Ex. 1), ¶ 21 ("All named defendants are responsible for the arrest and detention of Jason without a warrant and without probable cause."); *Id.* at ¶ 24 ("The conduct of all individual defendants was so egregious and in such utter disregard to the rights of the Plaintiffs that the jury should award punitive damages against Dennis Dickens and other individual defendants to deter such outrageous conduct in the future."). Although the proposed amended complaint directs the Court to a YouTube video depicting the

state a plausible claim for relief against the Opposing Defendants because they fail to identify what each officer did to violate Plaintiff's rights.

Accordingly, the motion (Dkt. 30) is **GRANTED** in part and **DENIED** in part. Plaintiff is directed to file an amended complaint that either (1) omits the Opposing Defendants, or (2) contains specific factual allegations as to each Opposing Defendant so that they are on fair notice of the claims against them.[6]

**IT IS SO ORDERED** this 29th day of March 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

incident at issue, Defendant Dickens is the only officer that can be readily identified in the video.

[6] The Court recognizes that the Opposing Defendants also argue that even if more specific allegations were made against them, those allegations would be insufficient to state a claim for relief. It would be premature, however, to resolve that issue at this time. The Opposing Defendants are free to re-urge those arguments if Plaintiff chooses to name them as defendants in any amended complaint.