IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON R. DOLLARHIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00642-PRW |
| | ) | |
| DENNIS DICKENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 2, 2022, Plaintiff Jason R. Dollarhide filed his Original Complaint. (Dkt. 1). On June 23, 2023, the Court granted several of the defendants' motions to dismiss and dismissed the Complaint without prejudice. (Dkt. 29). In the same order, the Court permitted Dollarhide to file a motion seeking leave to amend his Complaint on or before July 24, 2023. (Dkt. 29). Dollarhide did so. (Dkt. 30). Defendants Vaughn Cannon, Darren Strauss, Harley Rhynes, Joshua Rojales, Colby Haigler, Johnathan Hicks, Shannon Lyon, and Mark Sharp (the "Opposing Defendants") opposed Dollarhide's motion. (Dkts. 31, 32, 35).

On March 29, 2024, the Court found that Dollarhide's proposed amended complaint was deficient because it did not raise specific factual allegations against the Opposing Defendants. (Dkt. 38). Accordingly, the Court granted in part and denied in part Dollarhide's motion for leave to file an amended complaint and directed him to file an amended complaint that remedied the deficiencies of his proposed amended complaint on or before April 30, 2024. (Dkts. 38–39). Dollarhide did not do so.

1

On May 3, 2024, the Court ordered Dollarhide to show cause as to why it should not dismiss his claims against the Opposing Defendants without prejudice for failure to prosecute. (Dkt. 40). He responded on May 23, 2024, stating that he had "no objection to the Court dismissing without prejudice all named Defendants with the exception of" Defendants Dennis Dickens and the State of Oklahoma ex rel. Oklahoma Department of Public Safety (Dkt. 41). He later represented that he would prepare and file his first amended complaint. (Dkt. 44). On August 22, 2024, the Court again ordered Dollarhide to show cause—this time why the entire case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b)—on or before September 5, 2024. (Dkt. 45). Dollarhide failed to respond, and he still has not filed an amended complaint, which has now been overdue for nearly a year.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the Rule contemplates dismissal on a defendant's motion, it "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[1] Moreover, courts possess the inherent power to dismiss sua sponte for lack of prosecution, "governed not by

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"[2]

The Court recognizes that dismissal of this action without prejudice may effectively function as dismissal with prejudice, as the statute of limitations period for Dollarhide's claims may have expired.[3] Before imposing "the ultimate sanction of dismissal," district courts should consider:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

Dismissal is only an appropriate sanction "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[.]"[5]

Having considered the circumstances in light of the *Ehrenhaus* factors, the Court finds that dismissal is an appropriate sanction under Rule 41(b). Dollarhide's failure to file an amended complaint has prejudiced Defendants in their ability to defend against his claims. And it has caused delays and the expenditure of additional resources in resolving this dispute, significantly interfering with the judicial process. Although Dollarhide's attorney appears to be primarily responsible, the Court specifically warned that further

---

[2] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31).

[3] *Davis v. Miller*, 571 F.3d 1058, 1061 n.2 (10th Cir. 2009).

[4] *Id.* at 1061 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)).

[5] *Ehrenhaus*, 965 F.2d at 921.

noncompliance with the Court's orders would likely result in dismissal. And it does not appear that lesser sanctions would be productive, considering that Dollarhide failed to respond to the Court's most recent show cause order and still has not filed his amended complaint.

The Court dismissed Dollarhide's Complaint in June 2023. Since then, it has given him ample opportunity to amend his complaint. He has not done so. Accordingly, pursuant to both Rule 41(b) and the Court's inherent authority to manage its docket, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 6th day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE